in Avila-Ramos, did I get that right, close enough, Avila, this is my pronunciation coach, so I defer to Judge Kelly. Whatever Judge Kelly said versus Deal. Thank you, Your Honor. May it please the Court. Move the mic up, please, a little. Robert Fishman on behalf of the petitioner. As this Court knows, in the appeal of a denial of a habeas corpus petition, challenging an order of extradition to a foreign country, this Court's review is limited to three substantive areas. This appeal involves only one, and that being the question of probable cause. Given the district court's ruling and the arguments made by the government on appeal, I think the best way to approach the probable cause question is in two parts. And the first part is to ask whether this Court can affirm the district court's ruling that there's probable cause to extradite my client, based on the conclusion that she was part of a conspiracy to commit murder. The second question is whether this Court could affirm the district court's denial of the habeas petition based on the alternative grounds identified by the government on appeal, the Article 21 grounds. And the answer to both those questions, I think, is no. The first question is a much easier one to answer. The district court ruled probable cause that my client was guilty of conspiracy to commit murder. And conspiracy to commit murder is not the crime identified either by the government of Mexico as the basis for seeking her extradition, nor is it the crime identified by the government in its complaint. Well, no matter what the magistrate called it, it sure seemed to me like she was a principal and equally culpable in a murder case, whether you call it a conspiracy, whether you call it aiding or abetting, whether you call it hiring a hitman. You can call it a conspiracy, but it goes right to the heart of the matter. And she, there was probable cause that she was complicit in murdering her husband. I will stipulate, Judge Kelly, to the fact that there is evidence implicating my client in that crime. However... It's overwhelming. However, foreign governments and the United States government have to take some care when seeking to extradite somebody to another country to properly charge them to face trial on a specific charge. And so while it may be true that there is evidence of complicity or aiding and abetting or conspiracy, she was, the government sought to extradite her on a charge of aggravated homicide. And in order to know whether there is probable cause to think that she is guilty of aggravated homicide, you need to understand what the elements of that offense are. I don't think it's sufficient to say, looks like something pretty bad happened here, let's send her back. Extradition treaties don't work that way. There's a whole series of procedural and substantive protections that limit the basis that an individual can be extradited, that limit what the requesting country can do once extradition is accomplished, the collateral consequences of an extradition. The list goes on and on. Which judge, the magistrate judge or the district judge, is charged with an actually ordered extradition in this case? The magistrate judge or the district judge? The magistrate judge. And the magistrate judge, you do not argue, was confused about what the request for extradition was based on. The magistrate judge unambiguously based it on aggravated homicide. Correct. Now, so you argue that on habeas relief, the district judge was confused. But why do we care whether the district judge on a collateral challenge was confused about the charge if the judge, the magistrate judge, who actually ordered extradition, knew darn well and expressly stated that it was based on aggravated homicide? Sure. And I agree that given the unusual sort of posture, really in these habeas extradition cases you have sort of a double appeal. District court to this court, the scope of review is the same for both of those. And there are cases, one in particular from the First Circuit, that says essentially precisely what you said. We don't really care what the district court did. We'll just jump back and review, just like the district court did, what the magistrate judge did. Because that's what really mattered. So why aren't we just talking about the very question? Well, we can. Excuse me. The magistrate judge. Let me ask the question. The magistrate judge found probable cause. And yes, we have some erroneous language by the district court talking about conspiracy. But the magistrate found probable cause for the crime she was charged. Why isn't there? Why can't we just go ahead and talk about whether there was some evidence of that? It's why I preface my comments by saying that conspiracy facet of this is the easy one. And I'm happy to pass over that. The problem is, and implicit I think in the government's position on appeal, is you still have the same gap in law with the magistrate judge that you have when the government says, let's forget about conspiracy and infirm on an alternate ground. The problem with the magistrate's ruling is she says it's aggravated homicide. But she does not identify any principle. And you never argued that. You have never suggested that you have to identify a principle or whether she was charged as an accessory or principle until now. That's correct. And that raises a couple of additional points. The first one I'll point out is that. You've waived it. Why haven't you waived it? Well, there's a couple of responses to that. The first is I think the waiver argument has been waived. And the government did not raise the point that Your Honor is raising as a bar to the issue we're presenting to this Court. The only reason this is coming up is because we've got some erroneous language by the district court. So that there was absolutely no reason why in the underlying magistrate proceeding you could not have challenged probable cause based on the fact that she wasn't charged as an accessory or that she wasn't a principle. I agree with that. My point is the government is not alleging waiver in that regard, number one. The second point is, and I looked. I'm not going to tell you there are no cases holding that the principles of waiver apply in a habeas extradition case or that standards of plain error apply to waived arguments in habeas cases. But I will tell you that I looked and I did not find any. Not a one. And so we are in this kind of curious area of the law which has sort of just developed out of this 1919 Supreme Court case. And from what I have seen, what I can glean from the cases is if you challenge probable cause before the magistrate, as we clearly did, you get to challenge probable cause all the way through the process. And you can change the basis anywhere along the way of what you're challenging as the basis for probable cause. You're now saying they didn't charge her, that she's not guilty as a principle. And I think that's what you're arguing. Yeah, I think so, because of the nature of this Court's review, which is de novo. It's very limited. And it says, is there evidence of probable cause? The question is, is there evidence? And the answer is yes. It's clear on the face of the paper that there's probable cause. Well, it depends on what crime you're talking about. The crime that the Mexican government alleged that she did. The magistrate found every issue. What the magistrate judge found are two things, I think, that are relevant. Ultimately, that there's reasonable suspicion that she committed aggravated homicide. But, and critically, I think, the evidence is undisputed that she was not the shooter. Well, you don't have to be the shooter to be guilty of aggravated murder. Well, that's the question. Well, it's not a question for us. It's a question for the Mexican government on trial. I disagree strongly with that. No, all we're looking for is probable cause. We're not looking to see whether beyond a reasonable doubt they have proven that she's the main person. I agree absolutely with that. But the question is, probable cause of what? And in this case, it's aggravated homicide when she is not the shooter. And so the question is. Well, what authority do you have that you have to be the shooter to be convicted of aggravated homicide? Well, you need some theory or some statute. Well, how about the affidavits that were attached to the extradition request that she was having an affair with this guy? She paid him to help burglarize her husband's house. She reported his whereabouts to the same fellow. And in short, she hadn't killed him. Conspired. Conspired. I agree. She's not charged with conspiracy. And she's not guilty of conspiracy. She's guilty as a principal. Well, I think there is no law that's ever been cited to the magistrate or to the district court or to this court that supports the proposition of principal liability for murder under Mexican law on facts as those described by Your Honor. You can argue, as the government does, well, it's aiding and abetting law. It's aiding and abetting, which in the Tenth Circuit under Bowen is not a charge. It's a theory of liability. You don't have to charge somebody with aiding and abetting. And I say. Every person is charged with aiding and abetting in addition to the principal crime they're charged with. Every single felony case that's indicted. Under the law of this country, I don't know Section 2. Is that a Section 2 offense? I don't know that there's a statute in Mexico that is similar. You don't need to know. All you need to know is probable cause, not anything beyond that. Well. And you're arguing everything beyond that. No, I'm arguing that in order to see if the facts support a reasonable suspicion that a crime has been committed, you have to know what the crime in question is. And in this case, there has to be some statutory or legal basis under Mexican law to say that my client is guilty of aggravated homicide when we know she wasn't the trigger man. I'm not saying that there is no law in this country that would support that conclusion. I'm saying we don't know. I don't know. The magistrate didn't know. And the district court didn't know if there's any Mexican law that does that. If you don't know, and you haven't told us what the elements of the law of Chihuahua are with regard to whether the petitioner could, under these circumstances, as an accomplice or an aider and abetter or a conspirator, have been liable criminally as a principal, and you haven't given us the law of Chihuahua, and I hope I'm pronouncing it correctly, then how are we to say that based on your theory, with nothing presented to us as an adjudicator of the law of Chihuahua, how do we say that there's no reasonable suspicion based on, if you're the appellant and you haven't told us what the law of Chihuahua is? I was with you until the very last part of your question. It is not my burden to disprove probable cause. It is the government's burden to establish probable cause. And I will readily admit that I have no expertise whatsoever in the law of Chihuahua. It is the burden and the obligation of the government of Mexico and the United States. And so let's say, hypothetically, that we have reasonable grounds to believe that the petitioner was behind this from the get-go, that she was going to pay the trigger man by letting him steal the jewelry at her house, that she was the one letting him in the house, that she was the one that told the shooter where he was going to be, even though nobody else knew. And let's say we know all that. And you say, well, that may be sufficient under United States law, state law or federal law, to say that she was guilty of murder. But that, under Chihuahua law, does not equal criminal liability for aggravated homicide under the law of Chihuahua. And so we say, okay, let's get into the meat of that. Let's compare the evidence versus the law. Let's see what the appellant has furnished us. And we find the appellant hasn't furnished us anything. Except what the complaint for extradition says the element is, and in some misplaced English, basically says if the person seeking whose extradition is sought caused the death of another human being, which based on what Judge Kelly said, how can we say there's not reasonable grounds to believe that she caused the death of another human being? What the appellant has done, I think, is said, shown, the government has failed to establish that there is probable cause for a crime under Mexican law. When the government fails to meet its burden to point the court and me to the law that was violated and the facts that fit that law, they have failed to meet their burden of proof. And I don't have to, I think, as the appellant, turn around and say, here's my disposition on Chihuahua law, and look at how Article 21 was construed in this case, and look at the law over here. The government, footnote 5, page 22, it's the end of their brief, they call us out for citing the Manero case for the proposition that under Mexican law, conspiracy is a substantive offense that is separate and distinct from the underlying crime. And they say, come on, that's like looking at Alabama law and saying what the law in the District of Columbia is like. I think that's a fair point. But if it's a fair point as between two Mexican sovereigns, it's a much better point as applied to two sovereign nations. And in this case, the only thing the government has done before any court of law is point to what the law in the United States is about things like complicity and aiding and abetting and conspiracy. They have not told anyone the first thing about Mexican law. And that's the problem. And it's a problem that should fall on their shoulders, not mine for explaining and trying to carry their burden for them. Let me ask you, and I apologize to colleagues as well as yourself, because you're out of time, but in footnote 4, this rule suggests that we can judicially notice the Chihuahua Code. Do you have any objection to us doing that? I do, because I don't know how those statutes are applied. I mean, he says, citing again Bowen, and this is just like aiding and abetting law, which in the Tenth Circuit, hey, you don't have to charge it. It's not a separate offense, even though it often is charged. It's not a standalone offense. Same thing as Mexico. Here's a bunch of statutory provisions that prove it. And I say, I don't know. How do I know those things, Article 21, the things they want you to take notice of, don't have to be charged as an offense? I don't know that. They've said nothing that suggests that. Now, I will say, with your indulgence, make a final point on your question, if I may. If you're really, really brief. So I poured through the record in the extradition request, seeing if there was any clue as to how Article 21 actually works under Mexican law. I think if you look at the findings of the Mexican Oral Trial Court that convicted Ray of his involvement in this crime, there's two references to Article 21. Excuse me. They're at page 100 and 101. And it sure sounds to me like the Court is convicting him for a violation of Article 21. And if that's true, then the failure to identify Article 21 as the basis for my client's extradition anywhere. I'm sorry to interrupt. But my question was, do you object to us judicially noticing the Chihuahua Code? And I'm very clear on your position. Thank you. Thank you very much. We'll hear from the government. May it please the Court, Bishop Grewell, on behalf of the United States, let's discuss Chihuahua law. And let's look at just the record here. Put aside my judicial notice request. As a preliminary point, I want to say that the theory here has always been a participation director theory. At no point has the United States government, the Mexican government, the prosecutor in Chihuahua, the judge in Chihuahua who issued the arrest warrant here, suggested that Misa Villaramos was the trigger person. It's always been this participant director theory. So how does this Court know, based on the record before it, that that's a legitimate theory under Chihuahua law? The Court knows that because we have four judges in Chihuahua in the record who have told us that this is a legitimate theory. First, look to the arrest warrant that is part of the supplemental CD, which was attached to the extradition request, Bates 112. This is where we have the arrest warrant for Misa Villaramos issued by the Chihuahua judge. On the page Bates 114, the judge lays out the three elements, the second element of which is this causation element that Judge Bachrach referenced. The Court then says, I'm going to talk about the facts that show that these elements are satisfied. And it goes on for 17 pages, talking about the facts here, facts that in no way allege that Misa Villaramos was the one pulling the trigger, but rather allege she's getting out of the car, her husband gets out of the car, Mr. Guerrero shoots her husband, and then Mr. Guerrero dies in a firefight. And after discussing all of those facts, page Bates 131 of the record, the Court says, quote, Consequently, it is true that we can establish the grounded probability that Villaramos and Arturo Ray were the acting parties. They themselves carried out the crime of homicide in compliance with Article 18.1 and 21.5, that Article 21 that my opponent was discussing. And a little bit further down, it then says, it is therefore inferred that the probable participation, that their probable participation as acting parties is proved. And the Court then issues an arrest warrant. So there you have a judge in Chihuahua applying Chihuahua law to these particular facts and saying that's aggravated homicide. We don't just have him, though. We have three other judges, three different judges in Chihuahua, in Exhibit 17 that's in the extradition request. And this is on pages Bates 263 through 274, reviewing Mr. Ray's conviction. And reviewing Mr. Ray's conviction, they look at all this conduct again. And remember, Mr. Ray didn't pull the trigger either. He's the bartender who helped Ms. Villaramos set this up. They say that everything that he did, yeah, that's aggravated homicide under Article 21. Now, that particular thing just has certain excerpts from that opinion. But Ms. Villaramos, in front of the magistrate judge, said, I want you to look at that whole opinion. And so she entered it as Defendant's Exhibit B in the record below and asked the magistrate judge to accept it. And the magistrate judge then accepted that document. And you'll see that at Volume 5 of the record, page 98, and three pages in at page 101, we have a translation of Article 21 of the Chihuahua Code. It says that it's titled Forms of Authors and Participation. And then it translates Paragraph 5 that says, A person is guilty of a crime if they, quote, maliciously determine the one who will commit it, end quote. So you know what Chihuahua law says about the conduct here. And it says that it's aggravated homicide. And you know that because we have four judges telling you that. Further point, we have the treaty saying that homicides in the appendix, and then in the treaty itself, Article 2, Paragraph 4, basically lists attempt, conspiracy, and participation as ways that you can commit any of those substantive offenses and still be extradited here. My opponent doesn't challenge that the evidence here is enough to show probable cause under participation theory. Let's turn to the district court's statement about conspiracy. First of all, I think the more charitable reading here is that the district court judge wasn't trying to set out a separate offense. He was simply reviewing the probable cause by the magistrate court. He has about one paragraph where he discusses this. And I think when he's talking about conspiracy, it's simply an inartful way of saying she didn't pull the trigger. But if his court were to disagree and think that the court made an error here about what offense we're talking about, there are at least four reasons that that shouldn't result in reversal here. Or at least three reasons, sorry. First of all, as Justice Holmes put in his 1925 Fernandez opinion, the review here is limited to, is there jurisdiction, is the requesting party referring to an extraditable offense, which it is, that murder is one of the offenses here, and is there a probable cause? This conspiracy challenge doesn't really fall under those three areas. And Justice Holmes said, when we're reviewing extradition under habeas, we're not a court of error review. We're just limited to these three categories. Secondly, you can affirm on any grounds in the record, there are no factual disputes here. There is only a legal question before this Court. And I think it's clearly established that what happened here is that the magistrate judge was actually extraditing based on the offense of aggravated homicide, not a conspiracy offense. Moreover, the third reason is that when the Secretary of State chooses to extradite Ms. Avila Ramos, they're not going to extradite her based on the district court's denial of habeas. They're going to extradite her based on the certificate of extraditability that the magistrate judge issued, which again didn't suggest that she was extraditing based on an offense of conspiracy. Those are the points that I want to make. Unless the Court has further questions, I'm happy to cede the remainder of my time. Thank you very much. Thank you. Thank you very much. This matter will be taken under advisement again. I have to compliment both sides. I thought your briefing and your advocacy today was very, very good.